**JACKSON et al. v. M. H. THOMAS INV. CO. et al.**

No. 6043.

,Circuit Court of Appeals, Fifth Circuit.

Jan. 19, 1931.

Gaius G. Gannon, of Houston, Tex. (S. H. German, Baker, Botts, Parker & Garwood, all of Houston, Tex., and Gleason, McLanahan, Merritt & Ingraham, of New York City, on the brief), for appellants.

W. M. Taylor and Rhodes S. Baker, both of Dallas, Tex. (George O. Wallace, Alex F. Weisberg, Dwight L. Simmons, Wallace, Taylor & Vickrey, and Thompson, Knight, Baker & Harris, all of Dallas, Tex., on the brief), for appellees.

Before FOSTER, Circuit Judge, and GRUBB and DAWKINS, District Judges.

GRUBB, District Judge.

Arthur S. Jackson and others composing the firm of Jackson Bros. Boesel & Co. brought an action at law in the District Court of the United States for the Dallas Division of the Northern District of Texas against the M. H. Thomas Investment Company and others to recover upon a promissory note in the sum of $50,000 alleged to have been executed by the defendants, respectively, as makers or indorsers. Afterwards the cause was transferred to the equity docket by consent, and was conducted as a suit in equity. The Republic National Bank & Trust Company of Dallas intervened, but afterwards withdrew its intervention, under a stipulation with plaintiffs. The receiver of the appellees M. H. Thomas and the M. H. Thomas Investment Company, appointed by the state court, intervened and is an appellee. The parties finally left in the suit were the plaintiff firm, as plaintiffs, and M. H. Thomas, the M. H. Thomas Investment Company, a corporation, and the receiver of both, as defendants. No defense was interposed by M. H. Thomas, individually, or by his receiver. The defendant corporation and its receiver denied liability on the note. Judgment was as to them against the plaintiffs (appellants here) and they have appealed from the judgment.

M. H. Thomas individually was indebted to the plaintiffs, at the time of the execution of the note in a sum in excess of the amount of the note. At that time whatever property he had was in the corporate defendant. He owed others and was unable to pay his maturing debts, and was endeavoring to get them extended. The plaintiffs called upon him to pay what he owed them, and, being unable to do so, he executed the note sued upon. He disclosed to plaintiffs that his property was substantially all in the corporation which bore his name, and, for that reason, the note was indorsed by the corporation either when it was executed by Thomas or the succeeding day. As we view it, it is not important which. If the indorsement of the note is to be regarded as the separate obligation of the corporation, from that of the individual maker, then the defenses set up against it by the defendant corporation and its receiver, viz., ultra vires, no authority from the board of directors to the president to execute it, and want of consideration, furnish a complete answer to the action against the corporate defendant, as indorser. The reply of the plaintiffs to these defenses is that the corporate defendant was the alter ego of the individual maker of the note, and that the law will, for that reason, disregard the separate identity of the corporation, and treat its property as the property of the individual maker, as much so as if the title were in him, instead of being in the corporation. The law is so settled, in cases where the corporation is the mere alter ego of the individual, and in which the rights of creditors or other third persons of the corporation are not involved. The facts of this case show that the defendant M. H. Thomas, subject to the claim of the bank, owned all except seven of the ten thousand shares of the capital stock of the corporation at the time he as president indorsed the note for it; that the seven shares were given by him to qualify the owners as directors and really belonged to him; that he used the corporation as a holding company for his property and controlled it and its assets as absolutely as if they were vested in him directly; and that the corporation was merely an instrument used as a convenience in handling his property, and was substantially himself. In the execution of the note by him, and its indorsement by the corporation, it was made use of because the title to his property was in it, and because of his purpose to devote his property, vested in it, to the security of the payment of the note, and he then so represented to the payees of the note, the plaintiffs. As between the plaintiffs and the defendant corporation itself, we think the principle of alter ego, as set out in the many cases cited in the briefs, is made out by the facts, and would be controlling in favor of the plaintiffs, if no rights of creditors of the corporation were involved. There were creditors of the corporate defendant whose debts were created in the belief that the corpora-

tion was a bona fide legal entity, separate from M. H. Thomas, and who looked to the corporation as their direct debtor and to its assets as primarily the fund from which their debts were to be satisfied. It is conceded that such creditors of the corporation should come ahead of the plaintiffs in the distribution of its assets. The plaintiffs' contention is that the assets of the defendant corporation were largely in excess of all such primary liabilities, and that they could, therefore, be ignored, in the application of the doctrine. The M. H. Thomas Investment Company was in process of liquidation in a state court under a state receivership. An attempt was made in the court below by the plaintiffs to estimate its assets and liabilities. The value of most of its assets was mere matter of opinion, and the extent of its liability, as to its tortious obligations, was entirely uncertain, as was the amount that would be realized from its assets upon the forced liquidation. Whether or not, as a result of the forced liquidation, there would be enough realized to fully satisfy the primary debtors of the corporation, was and now is a matter of uncertain prophecy. At the time of the indorsement of the note, the shares of the corporation's capital stock, once owned by M. H. Thomas, which had been pledged by him to the intervening bank as security for an indebtedness due it, had been foreclosed and were the property of the bank. It is true that, as a result of an agreement that the bank should be paid out of the assets of the corporation before the plaintiffs, the intervention was withdrawn. Nevertheless, the fact was that the shares did not, at the time of the execution and indorsement of the note, belong to M. H. Thomas, and, while the bank by its agreement may have been estopped as against plaintiffs to make this contention, the other primary creditors of the corporation were not. We think the District Judge correctly refused to apply the principle of alter ego to the situation of this case as disclosed in the record because of the presence of primary creditors of the defendant corporation, and the impossibility of determining the sufficiency of its assets

to satisfy such primary obligations of the corporation.

■ The plaintiffs contend that there should have been a judgment in their favor against defendant corporation, limited as to collection to a certification of it to the state court as a claim against the receivership estate, there being liquidated, and that it could be there classified so as to protect the primary creditors of the defendant corporation. The answer to this contention is that the presence of primary creditors of the corporation and the uncertainty, at the time the court below was called upon to act, whether the corporate assets would suffice on liquidation to pay them, made such a judgment improper; and, as well, the doubt whether the state court would give full faith and credit to the judgment of the District Court (there being involved more than a mere classification by priority or lien) unless it treated that judgment on a parity with the primary obligations of the debtor corporation, especially as the state receiver was a party to the record.

In the liquidation of the corporation, the state court will determine whether there is a surplus after the satisfaction of the claims of the primary creditors. If there is no surplus upon liquidation, the plaintiffs on their own concession will be entitled to nothing. If there is a surplus, if the plaintiffs are placed in a position to assert their rights in the state court to share in its distribution, they will there be able to protect their rights fully. In view of the present uncertainty as to the surplus, and its amount, and the proper sharers in it, we think the decree of the District Court in favor of the defendant the M. H. Thomas Investment Company, and against the plaintiffs, should be modified so as to dismiss the case of the plaintiffs against the defendant the M. H. Thomas Investment Company without prejudice to plaintiffs' right to file their claim against that corporation in the receivership proceeding against it, pending in the state court, if they are so advised, and, as so modified, the decree of the District Court is affirmed.

Modified and affirmed.